UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESUS ANTONIO ORANTES MAGANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00326-JRS-MG |
| | ) | |
| BRISON SWEARINGEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jesus Antonio Orantes Magana is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on May 4, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Orantes Magana now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1; dkt. 9 at 1-2.

For the reasons explained below, the Court **grants** the petition to the extent that no later than **5:00 p.m. on May 29, 2026**, Respondents must either: (1) afford Mr. Orantes Magana an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Orantes Magana from custody, under reasonable conditions of supervision.

## I.      Background

Mr. Orantes Magana is a citizen of El Salvador. Dkt. 1 at ¶ 1. He came to the United States in December 2022 and has resided in the country for approximately four years. *Id.*; dkt. 7-1. On December 14, 2022, Mr. Orantes Magana applied for admission  at the port of entry in San Ysidro, California, where he was served with a Notice to Appear. Dkt. 1 at ¶ 1; dkt. 7-2. The Notice to Appear charges Mr. Orantes Magana with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an

arriving alien." Dkt. 7-2. That day, he was also paroled into the United States by Customs and Border Protection, which was set to automatically expire on December 13, 2023. *Id.* After, Mr. Orantes Magana filed an Application for Asylum via Form I-589. Dkt. 1 at ¶ 1.

On May 2, 2026, Mr. Orantes Magana was arrested by police with the Indianapolis Metropolitan Police Department for operating a vehicle while intoxicated. Dkt. 7-1. While in police custody, he was released to ICE officials after they executed an administrative warrant for his arrest pursuant to 8 U.S.C. § 1226 on May 4, 2026. Dkt. 7; dkt. 7-3. Mr. Orantes Magana has been held pursuant to the immigration warrant ever since and is currently being jailed in Clay County. Dkt. 7-1; dkt. 1-1. The immigration warrant explicitly authorized his detention under § 1226 (§ 236 of the INA). *See* dkt. 7-3.

## II.     Discussion

Mr. Orantes Magana claims that his current detention violates the INA (Counts I and II) and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶ 59-84. Respondents argue that Mr. Orantes Magana's is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2) and that § 1226(a) does not apply to his circumstances. Dkt. 7 at 3-11. Respondents also argue that Mr. Orantes Magana's detention does not offend the Fifth Amendment because he has been detained for less than a month. *Id.* at 19-20. In the alternative, Respondents argue that, if the Court were to find § 1226(a) applicable, the appropriate remedy would be to order a bond hearing. *Id.* at 20-21.

The Court agrees that Mr. Orantes Magana is entitled to a bond hearing, as his detention is governed by § 1226(a). As such, his detention is unlawful because he has not been afforded a bond hearing and Mr. Orantes Magana is entitled to habeas corpus relief on these grounds. The Court does not address Petitioner's due process challenge and other arguments.

2

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond[;] or

(B) conditional parole . . . .

8 U.S.C. § 1226(a).

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir.

3

2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Orantes Magana Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Orantes Magana is eligible for a bond hearing under § 1226(a). He arrived in California in 2022, was paroled into the United States, and has resided in the country ever since. The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States

4

rather than undocumented aliens like Mr. Orantes Magana who have lived in the interior of the United States for years. *See Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025), 2025 WL 3171175 at *2-4; *see also Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Orantes Magana v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, *3-5 (S.D. Ind. Oct. 30, 2025); *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025); *Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D. Ind. Dec. 10, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, *3-5 (S.D. Ind. Oct. 30, 2025); *Diaz Gonzalez*, 1:25-cv-02141-RLY-TAB, dkt. 14 at 12-17. As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

Respondents' primary dispute is that § 1225 as opposed to § 1226 controls. They support their position by relying primarily on out-of-circuit cases that have come to contrary decisions. Notably, the Respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). Dkt. 7 at 3-6 (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C.

5

§ 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

While the Seventh Circuit has not definitively ruled on the subject yet, the court in *Castañon-Nava, v. U.S. Dep't of Homeland Sec.* determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048 (7th Cir. 2025). This is a decision that carries persuasive authority due to its procedural posture,[1] which reaffirms the Court's prior decisions where it applied the same established canons of statutory interpretation to facts analogous to those here.

Further, the reasoning in *Castañon-Nava* was adopted by the Second Circuit in *Barbosa da Cunha v. Freden*, when that circuit joined the Sixth and Eleventh Circuits in explicitly rejecting the government's contention that § 1225 controls. *See* No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *6 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026).

Moreover, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Orantes Magana, *i.e.*, arresting him inside the United States pursuant to an

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

administrative warrant that explicitly authorized his detention under § 1226. *See* dkt. 7-3 (authorizing detention under section 236 of the INA, codified as § 1226). Given the government's treatment of Mr. Orantes Magana, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Respondents have cited nothing that convinces the Court to depart with from its prior rulings or that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. The Court continues to rely on *Castañon-Nava* as persuasive and finds that continued detention without consideration of bond violates the INA. Accordingly, Mr. Orantes Magana is entitled to a bond hearing under § 1226. The Court declines to reach the remaining arguments, as Mr. Orantes is entitled to habeas relief on these grounds.

### III.    Scope of Relief

Mr. Orantes Magana is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Orantes Magana requests immediate release from custody or, in the alternative, an individualized bond hearing.[2] Dkt. 1; dkt. 9. Immediate release is the

---

[2] Mr. Orantes Magana also asks the Court to impose on the government the burden of proof at the bond hearing. The Court declines to do so. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison. Section 1226 is silent as to the burden of proof, so Mr. Orantes Magana's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Orantes Magana's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Orantes Magana's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.   Conclusion

The Court **grants** the petition to the extent that no later than **5:00 p.m. on May 29, 2026**, Respondents must either: (1) provide Mr. Orantes Magana with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Orantes Magana from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on June 2, 2026**, Respondents must file documentation certifying that they have provided Mr. Orantes Magana with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 05/22/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

8